UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| DONALD TRAVIS WEED,<br><br>Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, N.A.,<br><br>Defendant. | 3:26-CV-791-JDA<br><br>**COMPLAINT**<br><br>**(Jury Trial Requested)** |

Plaintiff Donald Travis Weed ("Plaintiff"), by and through undersigned counsel, brings this action against Defendant Bank of America, N.A. ("Defendant" or "Bank of America"), and alleges as follows:

## NATURE OF THE ACTION

1. This is a consumer-fraud case about a bank that was told, the same morning, that its customer had been scammed—and that still failed to stop half of the loss.

2. On October 9, 2025, criminals induced Plaintiff to initiate four wire transfers totaling $85,000 out of his Bank of America account. Within hours, Plaintiff realized he had been defrauded, immediately notified Bank of America, reported the fraud, and asked the Bank to cancel all four transfers.

3. That same day, $40,000 of the $85,000 was returned. But Bank of America failed to effectively cancel or recover the remaining $45,000, despite having the same opportunity and the same information it had for the recovered transfers.

4. This case arises from Bank of America's failure to act on Plaintiff's same-day cancellation request as required by South Carolina's adoption of Uniform Commercial Code Article 4A, including S.C. Code Ann. § 36-4A-211, and from Bank of America's separate and independent violations of the federal Electronic Fund Transfer Act ("EFTA"), 15 U.S.C. § 1693 et seq., and Regulation E, 12 C.F.R. Part 1005, governing unauthorized electronic fund transfers, error-resolution procedures, and limits on consumer liability.

5. Plaintiff seeks recovery of his $45,000 loss, statutory and treble damages available under EFTA, interest, attorney's fees, and such further relief as the Court deems just.

## JURISDICTION AND VENUE

6. This Court has federal-question jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 1693m because Plaintiff asserts claims under the Electronic Fund Transfer Act and Regulation E.

7. The Court also has diversity jurisdiction under 28 U.S.C. § 1332 because Plaintiff is a citizen of South Carolina, Defendant is a national banking association with its principal place of business in North Carolina, and the amount in controversy exceeds $75,000, inclusive of actual and statutory damages, interest, attorney's fees, and other relief sought.

8. This Court has supplemental jurisdiction over Plaintiff's state-law claims under 28 U.S.C. § 1367 because they form part of the same case or controversy as Plaintiff's federal EFTA claims.

9. Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant transacts business in this District, Plaintiff resides in this District, and a substantial part of the events and omissions giving rise to this action occurred in this District.

## PARTIES

10. Plaintiff Donald Travis Weed is a natural person and consumer who resides in Lexington County, South Carolina.

11. Defendant Bank of America, N.A. is a national banking association organized under the laws of the United States with its principal place of business in Charlotte, North Carolina, which maintains consumer deposit accounts and conducts business in South Carolina, including Plaintiff's accounts.

## GOVERNING LAW

12. South Carolina has adopted Uniform Commercial Code Article 4A, governing funds transfers, at S.C. Code Ann. § 36-4A-101 et seq.

13. Article 4A governs the rights and obligations of parties to wire transfers, including a sender's right to cancel a payment order and the duties of a receiving bank upon receiving a cancellation request, as set out in S.C. Code Ann. § 36-4A-211.

14. The funds at issue here were initiated electronically through Bank of America's online and/or mobile banking systems and debited from Plaintiff's consumer account before being sent over wire networks. To the extent those debits constitute "electronic fund transfers" within the meaning of 15 U.S.C. § 1693a(7) and Regulation E, 12 C.F.R. § 1005.3, EFTA and Regulation E govern the rights and obligations of the parties as to those electronic debits, including allocation of loss for unauthorized transfers under 15 U.S.C. § 1693g and error-resolution duties, investigation requirements, and provisional-credit obligations under 15 U.S.C. § 1693f and 12 C.F.R. § 1005.11.

15. Consistent with decisions such as *New York v. Citibank, N.A.* and *Walling v. Bank of America, N.A.*, the fact that later legs of the transactions moved over wire networks does not remove the electronically initiated debits from EFTA's coverage or eliminate Bank of America's distinct obligations under Article 4A, including cancellation duties where Article 4A is not displaced.

## FACTS

**The Fraudulent Calls and Wire Transfers**

16. On the morning of October 9, 2025, Plaintiff received a telephone call from an individual impersonating a Bank of America fraud-department representative. The caller had detailed knowledge of Plaintiff's account information and falsely represented that Plaintiff's accounts had been compromised and that immediate action was required to "protect" his funds.

17. Under the fraudster's direction, four wire transfers totaling $85,000 were initiated from Plaintiff's Bank of America account between approximately 8:45 a.m. and 10:00 a.m. Eastern Time on October 9, 2025, as follows:

    a. 8:45 a.m.: $10,000 (TRN: 2025100900281232) to Navy Federal Credit Union, Account XXXX6502;

    b. 9:21 a.m.: $30,000 (TRN: 2025100900302613) to JPMorgan Chase Bank, N.A., Account XXXXX8308;

    c. 9:57 a.m.: $25,000 (TRN: 2025100900323600; Internal Trace: BML251009-008063) to JPMorgan Chase Bank, N.A., Account XXXX1239; and

    d. Time unknown: $20,000 (Internal Trace: BML251009-008076) to an as-yet-unknown beneficiary bank.

18. These transfers were initiated by electronic access to Plaintiff's consumer account through Bank of America's digital channels and debited Plaintiff's account before funds moved over any interbank wire system.

**Plaintiff's Immediate Cancellation and Fraud Notice**

19. Almost immediately after the transfers, Plaintiff realized he had been defrauded. Within minutes, on October 9, 2025, Plaintiff contacted Bank of America, reported that the transfers were fraudulent and unauthorized, and expressly requested that all four transfers be cancelled.

20. Plaintiff's same-day cancellation request was received at a time and in a manner that afforded Bank of America a reasonable opportunity to act before completion of the funds transfers, triggering the Bank's duties under S.C. Code Ann. § 36-4A-211 to attempt to cancel the payment orders and to timely communicate effective cancellation requests to the beneficiary banks.

21. Plaintiff's notice also qualified as an "error" notice and an "unauthorized transfer" notice under EFTA's definitions and Regulation E, triggering Bank of America's independent federal duties to investigate, limit Plaintiff's liability, and provisionally credit his account, as set forth in 15 U.S.C. §§ 1693a(12), 1693f, 1693g, and 12 C.F.R. § 1005.11.

**What the Beneficiary Banks Were Able to Do**

22. Navy Federal Credit Union independently blocked and returned the $10,000 transfer after detecting fraud indicators, without any extraordinary effort by Bank of America.

23. JPMorgan Chase Bank, N.A. returned the $30,000 transfer.

24. These two recoveries—totaling $40,000—demonstrate that at the time of Plaintiff's same-day cancellation request, the funds for all four transfers were still recent, traceable,

and recoverable had timely, effective cancellation and fraud-communication procedures been followed.

**Bank of America's Failure to Cancel the Remaining $45,000**

25. Despite Plaintiff's prompt notice and the successful reversal of $40,000, Bank of America failed to effectively cancel or recover the $25,000 transfer at 9:57 a.m. to JPMorgan Chase Bank, N.A., Account XXXX1239 (TRN: 2025100900323600; Internal Trace: BML251009-008063), and the $20,000 transfer (Internal Trace: BML251009-008076) to the unknown beneficiary bank.

26. On information and belief, Bank of America's failure to recover the remaining $45,000 resulted from its own operational and procedural failures, including failing to transmit timely and effective cancellation requests to the beneficiary banks, failing to follow up with appropriate urgency to ensure those cancellation requests were acted upon, failing to clearly communicate to the beneficiary banks that the transfers were reported fraud and unauthorized, and failing to exercise the care and diligence required under commercially reasonable banking standards and Article 4A.

27. Bank of America's ability to recover $40,000 on the same day, using the same systems and relationships, underscores that Plaintiff's cancellation request was timely and that complete recovery was achievable had the Bank fulfilled its duties.

**Bank of America's Separate EFTA Violations**

28. The transactions at issue were initiated electronically from Plaintiff's consumer account and therefore are subject not only to Article 4A's cancellation provisions but also to EFTA and Regulation E's protections governing unauthorized electronic fund transfers.

29. Following Plaintiff's fraud report and cancellation request on October 9, 2025, Bank of America was required by EFTA and Regulation E to promptly investigate Plaintiff's report of unauthorized transfers, determine whether an error occurred, provisionally credit Plaintiff's account within the time frames specified if it could not complete its investigation within 10 business days, and provide Plaintiff with a written explanation of its findings and correct any error by restoring funds.

30. Instead, Bank of America failed to conduct a reasonable investigation into why $45,000 remained unrecovered when $40,000 had been successfully returned, failed to provisionally recredit Plaintiff's account for the disputed $45,000 while its investigation, if any, was pending, failed to timely provide Plaintiff a written explanation of its findings that met EFTA's content and timing requirements, and failed to correct the error by restoring Plaintiff's funds.

**Bank of America's Attempt to Recast Legal Duties as "Voluntary"**

31. On October 10, 2025, Bank of America sent Plaintiff a "Scam Victim Acknowledgment" letter characterizing its recovery efforts as "voluntary" customer assistance and disavowing any legal duty to recover funds or to credit Plaintiff's account.

32. In that letter, Bank of America denied any mandatory obligation to act on Plaintiff's cancellation request under S.C. Code Ann. § 36-4A-211, ignored its procedural obligations under EFTA and Regulation E to investigate, limit Plaintiff's liability, and provisionally credit disputed amounts, and attempted to shift the loss to Plaintiff despite

the implied covenant of good faith and fair dealing inherent in its banking relationship with him.

33. By recasting legally mandated duties as discretionary customer service, Bank of America attempted to evade accountability for its failures and to leave Plaintiff bearing the consequences of the Bank's inadequate systems and procedures.

**Damages**

34. As a direct and proximate result of Bank of America's failures under Article 4A, EFTA, and Regulation E, Plaintiff suffered an unrecovered loss of $45,000, plus lost use of funds, lost interest, and related consequential damages.

35. Plaintiff has also incurred, and will continue to incur, attorney's fees and litigation costs to enforce his rights.

**FOR A FIRST CAUSE OF ACTION**

FAILURE TO CANCEL PAYMENT ORDER
(S.C. Code Ann. § 36-4A-211)

36. Plaintiff incorporates by reference the preceding paragraphs.

37. Under S.C. Code Ann. § 36-4A-211(a), a sender's communication cancelling a payment order is effective if the receiving bank receives it at a time and in a manner that affords the bank a reasonable opportunity to act before acceptance.

38. Under S.C. Code Ann. § 36-4A-211(b), even after a payment order has been accepted, cancellation is still possible if the receiving bank agrees or if funds-transfer system rules allow cancellation.

39. On October 9, 2025, Plaintiff communicated his cancellation request to Bank of America the same day the wire transfers were initiated and within hours of the transactions.

40. Bank of America acknowledged its duty to communicate cancellation requests to the beneficiary banks and represented that it would do so promptly.

41. Bank of America, working with the beneficiary banks, successfully cancelled or recovered $40,000 of the $85,000 in wire transfers, demonstrating that Plaintiff's request was timely and that cancellation or recovery remained possible at that time.

42. Despite this, Bank of America failed to effectively cancel or recover the remaining $45,000 in transfers, even though those transfers were part of the same series of transactions, subject to the same systems, and reported in the same cancellation request.

43. Nothing in EFTA's application to the electronic account debits eliminates or excuses Bank of America's distinct obligation under § 36-4A-211 to act on Plaintiff's cancellation request and pursue cancellation with the beneficiary banks.

44. Bank of America's failure to effectively cancel the payment orders for the remaining $45,000—after successfully cancelling or recovering the other transfers using the same process the same day—constitutes a breach of its duties under S.C. Code Ann. § 36-4A-211.

45. As a direct and proximate result, Plaintiff suffered damages in the amount of $45,000, plus interest.

46. Plaintiff is entitled to recover his actual damages, pre- and post-judgment interest, costs, and any other relief the Court deems just under S.C. Code Ann. § 36-4A-211 and related provisions.

### FOR A SECOND CAUSE OF ACTION

VIOLATION OF THE ELECTRONIC FUND TRANSFER ACT –
UNAUTHORIZED TRANSFER AND FAILURE TO LIMIT LIABILITY
(15 U.S.C. § 1693g)

47. Plaintiff incorporates by reference the preceding paragraphs.

48. To the extent the transfers at issue constitute "electronic fund transfers" within the meaning of 15 U.S.C. § 1693a(7), this cause of action is pled in the alternative to Article 4A and is intended to capture Bank of America's federal-law obligations for the consumer-account debits that preceded any interbank wire transfers.

49. The disputed transfers were "unauthorized" within the meaning of 15 U.S.C. § 1693a(12) because they were initiated by fraudsters without Plaintiff's authorization and were induced by misrepresentation and impersonation of Bank of America's fraud department.

50. Under 15 U.S.C. § 1693g(a), a consumer's liability for unauthorized electronic fund transfers is limited based on when the consumer provides notice to the financial institution.

51. Plaintiff provided notice to Bank of America on October 9, 2025, the same day the transfers occurred and within hours of the transactions, which is within two business days after learning of the unauthorized transfers.

52. Under 15 U.S.C. § 1693g(a), because Plaintiff notified Bank of America within two business days, his maximum liability is the lesser of $50 or the amount of unauthorized transfers that occurred before he provided notice.

53. By refusing to restore Plaintiff's funds and insisting that Plaintiff bear the loss of $45,000 in unauthorized transfers, Bank of America failed to limit Plaintiff's liability as required by 15 U.S.C. § 1693g.

54. Bank of America's conduct violates 15 U.S.C. § 1693g.

55. As a result of these violations, Plaintiff is entitled to actual damages, statutory damages, attorney's fees, costs, and such other relief as provided by 15 U.S.C. § 1693m.

### FOR A THIRD CAUSE OF ACTION

VIOLATION OF THE ELECTRONIC FUND TRANSFER ACT –
FAILURE TO INVESTIGATE AND PROVISIONALLY CREDIT
(15 U.S.C. § 1693f; 12 C.F.R. § 1005.11)

56. Plaintiff incorporates by reference the preceding paragraphs.

57. To the extent the transfers at issue constitute "electronic fund transfers" as defined by 15 U.S.C. § 1693a(7), this cause of action is likewise pled in the alternative and in addition to Plaintiff's Article 4A claims and addresses Bank of America's duties after notice of error and fraud.

58. On October 9, 2025, Plaintiff provided oral notice to Bank of America that unauthorized transfers had been made from his account, thereby asserting an "error" within the meaning of 15 U.S.C. § 1693f and 12 C.F.R. § 1005.11.

59. Under 15 U.S.C. § 1693f and 12 C.F.R. § 1005.11(c), upon receiving such notice, Bank of America was required to promptly investigate the alleged error, determine whether an error occurred, report the results of its investigation to Plaintiff within the prescribed time, and correct any error and, if the investigation could not be completed within 10 business days, provisionally credit Plaintiff's account for the disputed amount pending completion of the investigation.

60. Under 12 C.F.R. § 1005.11(c)(2), if the financial institution is unable to complete its investigation within 10 business days, it must provisionally credit the consumer's account for the amount alleged to be in error.

61. Bank of America failed to conduct a reasonable and good-faith investigation into Plaintiff's fraud report and the Bank's own failure to recover the remaining $45,000, failed to provisionally credit Plaintiff's account for the disputed $45,000 within 10 business days, failed to provide Plaintiff with a timely written explanation of its findings that complied with EFTA and Regulation E, and failed to correct the error by restoring Plaintiff's funds.

62. These failures violate 15 U.S.C. § 1693f and 12 C.F.R. § 1005.11.

63. Under 15 U.S.C. § 1693f(e), if a financial institution fails to provisionally credit a consumer's account as required and it is subsequently determined that the consumer's claim was correct, the institution is liable for treble damages.

64. As a result of Bank of America's violations of § 1693f and Regulation E, Plaintiff is entitled to actual damages, treble damages, statutory damages, attorney's fees, costs, and such other relief as allowed by 15 U.S.C. §§ 1693m and 1693f(e).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Donald Travis Weed respectfully requests that the Court:

A. Enter judgment in favor of Plaintiff and against Defendant Bank of America, N.A.;

B. Award Plaintiff actual damages in the amount of $45,000, representing the unrecovered funds from the wire transfers that Bank of America failed to cancel;

C. Award Plaintiff treble damages in the amount of $135,000 pursuant to 15 U.S.C. § 1693f(e);

D. Award Plaintiff statutory damages pursuant to 15 U.S.C. § 1693m(a)(2)(A);

E. Award Plaintiff pre-judgment interest on the $45,000 from October 9, 2025;

F. Award Plaintiff post-judgment interest as provided by law;

G. Award Plaintiff reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1693m(a)(3);

H. Award Plaintiff such other and further relief as the Court deems just and proper; and

I. Grant Plaintiff a trial by jury on all issues so triable.

                                        Respectfully Submitted,

                                        DAVE MAXFIELD, ATTORNEY, LLC

                                        s/ David A. Maxfield

                                        _____
                                        Dave Maxfield, Esq., FED ID 6293
                                        P.O. Box 11865
                                        Columbia, SC 29211
                                        (803) 509-6800
                                        (855) 299-1656 (fax)

February 24, 2026