**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA**

DONALD TRAVIS WEED,

Plaintiff,

v.

BANK OF AMERICA, N.A.,

Defendant.

)
)
)
)
)
)
)
)
)
)
)
)

**CASE NO.: 3:26-cv-00791-JDA**

**<u>BANK OF AMERICA, N.A.'S MOTION TO DISMISS</u>**

Defendant Bank of America, N.A. ("BANA"), by and through its undersigned counsel, respectfully submits this motion to dismiss the Complaint ("Complaint" and "Compl.") filed by Plaintiff Donald Travis Weed ("Plaintiff" or "Weed") pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, BANA's Motion should be granted and Plaintiff's Complaint should be dismissed with prejudice.

**INTRODUCTION**

Plaintiff alleges a scam in which a fraudster "induced" Plaintiff to initiate four wire transfers totaling $85,000 from his Bank of America consumer account on October 9, 2025. Compl. ¶¶ 2, 49. Plaintiff pleads three causes of action: an Article 4A UCC[1] claim under S.C. Code Ann. § 36-4A-211 for failure to cancel payment orders and two EFTA/Regulation E[2] counts alleging unauthorized electronic fund transfers and failure to investigate and provisionally credit.

---

[1] Article 4A of the Uniform Commercial Code ("UCC"), as enacted in S.C. Code Ann. §§ 36-4A-101 to 36-4A-507.

[2] Electronic Fund Transfer Act ("EFTA"), 15 U.S.C. § 1693(f)–(g); Regulation E, 12 C.F.R. § 1005.11.

Plaintiffs' Complaint fails to state a claim for two principal reasons. First, the UCC Article 4A claim fails because Plaintiff had no right to cancel the wire transfers after they had been accepted by BANA. Second, the EFTA claims fail because Plaintiff admittedly initiated the transfers, and as pleaded, the transfers were not "unauthorized."

For these reasons set forth more fully below, Plaintiffs' Complaint should be dismissed in its entirety with prejudice.

## PLAINTIFF'S ALLEGATIONS AGAINST BANA

The Complaint alleges that on the morning of October 9, 2025, a fraudster impersonating Bank of America's fraud department induced Plaintiff to initiate four wire transfers between approximately 8:45 a.m. and 10:00 a.m., totaling $85,000. Compl. ¶¶ 2, 16–17. Three transfers with times, amounts, trace numbers, and beneficiary banks are listed—$10,000 to Navy Federal Credit Union at 8:45 a.m., $30,000 to JPMorgan Chase at 9:21 a.m., and $25,000 to JPMorgan Chase at 9:57 a.m.—and a fourth $20,000 transfer with an internal trace but "an as-yet-unknown beneficiary bank" and unknown time. *Id*. ¶ 17. Plaintiff asserts that "[w]ithin minutes" or "within hours" he notified BANA, "reported [] the transfers as fraudulent and unauthorized," and asked that "all four transfers be cancelled." *Id*. ¶¶ 2, 19, 39, 51. The Complaint asserts that Navy Federal and JPMorgan Chase returned $10,000 and $30,000 the same day, and it uses those returns to infer that all four transfers were "still recent, traceable, and recoverable had timely, effective cancellation and fraud-communications procedures been followed." *Id*. ¶¶ 22–24. The pleading attributes the unrecovered $45,000 to Bank of America's "operational and procedural failures," stated on information and belief, including failure to "transmit timely and effective cancellation requests" and failure to "follow up with appropriate urgency." *Id*. ¶ 26.

**STANDARD OF REVIEW**

A complaint cannot survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 669 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 549 (2007)). Consequently, to "survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* (quoting *Twombly*, 550 U.S. at 556). Although a court must take as true all of the factual allegations, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* 1949–50 (quoting *Twombly*, 550 U.S. at 555).

**ARGUMENT**

**I.     Plaintiff had no right to cancel the payment orders after acceptance by BANA.**

Article 4A of the Uniform Commercial Code, as enacted in S.C. Code Ann. §§ 36-4A-101 to 36-4A-507, is the comprehensive and exclusive regime for funds transfers in South Carolina. *See, e.g., Skin Studio Day Spa, LLC*, 711 F. Supp. 3d at 599–600 (D.S.C. 2024) (quoting S.C. Code Ann. § 36-4A-102 cmt.) ("In drafting Article 4A, 'a deliberate decision was made . . . to treat a funds transfer as a unique method of payment to be governed by unique rules that address the particular issues raised by this method of payment.'"). Additionally, Article 4A's rules were "'intended to be the exclusive means of determining the rights, duties, and liabilities of the affected parties in any situation covered by particular provisions of the Article. Consequently, resort to principles of law or equity outside of Article 4A is not appropriate to create rights, duties, and liabilities inconsistent with those stated in this Article.'" *Id*. at 600 (quoting S.C. Code Ann. § 36-4A-102 cmt.).

3

Under the circumstances alleged, BANA is the "receiving bank" for the payment orders at issue. S.C. Code Ann. § 36-4A-103(a)(4). A payment order is accepted by the receiving bank when it is executed. *Id.* § 36-4A-209(a). In this case, Plaintiff admits that BANA executed all four wire transfers by debiting his account and sending the funds to the beneficiary banks. Compl. ¶¶ 2, 14, 17-18, 22-26, 40. Thus, Plaintiff admits that BANA accepted his payment orders. Pursuant to S.C. Code Ann. § 36-4A-211(c), Plaintiff as originator had no right to cancel these wire transfers after they were accepted by BANA unless BANA agreed to the cancellation or a funds-transfer system rule allowed cancellation without BANA's agreement. S.C. Code 36-4A-402(b) provides that the originator of the funds transfer (Plaintiff) is obligated to pay the receiving bank (BANA) the amount of the payment order upon the receiving bank's acceptance of the payment order.

Nothing in Article 4A obligated BANA to assist Plaintiff with recovering the funds that he voluntarily transferred to the alleged fraudster. Indeed, as the leading treatise on the UCC explains, a payment order cannot be cancelled by the originator once the originator's bank transmits the payment order: "[o]nce a payment order has been accepted it cannot be canceled or amended. Once the originator's bank executes the payment order, the *originator cannot cancel or amend*." Barkley Clark, *The Law of Bank Deposits, Collections and Credit Cards*, § 17.04[8] (emphasis added). Article 4A affords Plaintiff no right to cancel wire transfers that had already been completed without the agreement of BANA. *See Skin Studio Day Spa, LLC v. Wells Fargo Bank, NA*, 711 F. Supp. 3d 593, 599 (D.S.C. 2024) (granting motion to dismiss Section 4A-211 claim where Plaintiff did not plausibly allege that the bank received the cancellation before accepting the wire transfer or that the bank had agreed to cancel the wire transfer).

In *O'Neill, Bragg & Staffin, P.C. v. Bank of America Corp.*, No. 18-2109, 2018 WL 5921004 (E.D. Pa. Nov. 13, 2018), the district court granted the defendant's 12(b)(6) motion on

4

plaintiff's claim pursuant to Section 4A-211. In *O'Neill*, a law firm was tricked into making a wire transfer of $580,000 to a fraudster at 5:52 p.m. but quickly realized they had been victimized by fraud and contacted the bank to request that the transfer be stopped a little more than an hour later at 7:07 p.m. *Id.* at *2–3. The court held that because the attempted cancellation came after the receiving bank had accepted the payment order, the wire transfer could only be cancelled under Section 4A-211 by agreement of the bank or if a funds-transfer system rule allowed for cancellation without agreement of the bank. *Id.* at *8. Noting that there was no allegation that the receiving bank agreed to cancellation or that a funds-transfer rule allowed cancellation without the bank's agreement, the court found that Pennsylvania's version of Article 4A-211 did not apply and dismissed the plaintiff's claim. *Id.*; *see also Kirschner v. Wells Fargo Bank*, No. 21-10785, 2021 WL 5545957, at *3 (E.D. Mich. July 19, 2021) ("Imposing liability on a receiving bank for declining to agree to cancel a funds transfer would be inconsistent with Article 4A.").

Therefore, Plaintiff cannot state a claim against BANA for failing to cancel the wire transfers under UCC Section 4A-211 because he admits that BANA accepted the transfers, and he had no right to cancel the transfers after BANA accepted them without BANA's agreement.

**II.     The EFTA does not apply because Plaintiff admittedly initiated the transfers.**

The EFTA and Regulation E define an "[u]nauthorized electronic fund transfer" as "an electronic fund transfer from a consumer's account initiated by *a person other than the consumer* without actual authority to initiate such transfer and from which the consumer receives no benefit." 15 U.S.C. § 1693a(12) (emphasis added); 12 C.F.R. § 1005.2(m). Plaintiff cannot make a claim under the EFTA or Regulation E for an unauthorized electronic fund transfer where the transfer was in fact initiated by the Plaintiff. *See, e.g., L.S. v. Webloyalty.com, Inc.*, 673 F. Appx 100, 106

(2d Cir. 2016) (summary order) ("Because appellant authorized the transfer of funds to Webloyalty, the transfer of funds itself did not violate EFTA.").

"[T]he EFTA 'does not hold banks liable for transfers . . . made with the customer's authorization.'" *Cook v. USAA Fed. Sav. Bank*, No. 8:22-cv-01469, 2023 WL 3949735, at *2 (D. Md. June 12, 2023) (quoting *Illsley v. Truist Bank*, No. 5:23-CV-97-BO-RJ, 2023 WL 3690094, at *2 (E.D.N.C. May 26, 2023)); *see also Vitalis v. cPort Credit Union*, No. 2:25-CV-00217-LEW, 2026 WL 207156, slip op. at *5 (D. Me. Jan. 27, 2026); see also *In re Vistaprint Corp Mktg. & Sales Pracs. Litig.*, No. MDL 4:08-MD-1994, 2009 WL 2884727, at *9 (S.D. Tex. Aug. 31, 2009), *aff'd sub nom. Bott v. Vistaprint USA Inc.*, 392 F. App'x 327 (5th Cir. 2010) (holding that Plaintiffs voluntarily furnished their credit card numbers, and therefore the transactions did not constitute unauthorized electronic fund transfers under the EFTA); see also *Merisier v. Bank of Am., N.A.*, 688 F.3d 1203, 1209 (11th Cir. 2012) (affirming the District Court's holding that the bank complied with EFTA because the disputed transactions were authorized, as they constituted an attempt to defraud the bank); *see also Holmes v. Cap. One, N.A.*, No. 3:22-CV-0823 (GTS/TWD), 2023 WL 6318883, at *8 (N.D.N.Y. Sept. 28, 2023) ("Purposely transferring money to a fraudulent seller does not amount to an 'unauthorized transaction' under the ETFA.").

Plaintiff admits that he authorized the four wire transfers at issue. Compl. ¶ 2 ("On October 9, 2025, criminals induced Plaintiff to initiate four wire transfers totaling $85,000 out of his Bank of America account"). Because Plaintiff's own allegations establish that he initiated the transfers, the EFTA claims fails as a matter of law and should be dismissed.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Bank of America, N.A. respectfully requests that this Court grant its Motion and dismiss Plaintiff's claims against BANA with prejudice and grant such other and further relief as the Court deems just and proper.

6

Dated: April 29, 2026                                 Respectfully submitted,


                                                      By: */s/ Jasmine K. Gardner*
                                                      Jasmine K. Gardner (S.C. Bar No. 102168)
                                                      **MCGUIREWOODS LLP**
                                                      201 North Tryon Street, Suite 3000
                                                      Charlotte, North Carolina  28202
                                                      Telephone: (704) 343-2262
                                                      Facsimile: (704) 373-8825
                                                      Email:  jgardner@mcguirewoods.com

                                                      *Counsel for Defendant Bank of America,
                                                      N.A.*

7

## CERTIFICATE OF SERVICE

I hereby certify that on April 29, 2026, a true and correct copy of the foregoing was served via the Court's ECF filing system as follows:

Dave Maxfield, Esq.
David Maxfield, Attorney, LLC
PO Box 11865
Columbia, SC 29211
dave@consumerlawsc.com

*Attorney for Plaintiff*

/s/ Jasmine K. Gardner
Jasmine K. Gardner