IN THE DISTRICT COURT OF THE UNITED STATES FOR
THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Donald Travis Weed,<br><br>Plaintiff,<br><br>v.<br><br>Bank of America, N.A.,<br><br>Defendant. | Case No. 3:26-cv-00791-SAC<br><br>**OPINION AND ORDER** |

This matter is before the Court on a Motion to Dismiss filed by Bank of America, N.A. ("Bank of America") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. ECF No. 12. Plaintiff Donald Travis Weed ("Weed") filed a response, ECF No. 15, and Bank of America filed a reply, ECF No. 18. For the reasons stated below, having considered the pleadings, the parties' briefing, and the relevant case law, the Court GRANTS IN PART and DENIES IN PART the Motion.

## BACKGROUND[1]

This is a consumer-fraud action arising out of an unfortunately all-too-common scenario. Here, Weed's claims are based on three wire transfers he was fraudulently induced to initiate with Bank of America. ECF No. 11. On the morning of October 9, 2025, Weed received a phone call from an individual impersonating a Bank of America fraud-department representative. *Id.* ¶ 17. The caller falsely represented that Weed's accounts had been compromised and immediate action was required to protect his accounts. *Id.* At the caller's direction, Weed initiated three wire transfers totaling $75,000.00 from his Bank of America account to accounts with other banks

[1] All facts in this Background section are taken directly from the Amended Complaint and are accepted as true for the purposes of this Motion.

between 8:45 a.m. and 9:57 a.m. *Id.* ¶ 18. Each transfer was initiated by Weed electronically through Bank of America's digital banking channels. *Id.* ¶ 19.

That same day, Weed contacted Bank of America to report the transfers were fraudulent and expressly requested all three transfers be cancelled. *Id.* ¶ 22. Bank of America "acknowledged [Weed']s cancellation request and undertook to pursue recovery of the transferred funds." *Id.* ¶ 23. Bank of America then worked with the beneficiary banks to cancel or recover the wire transfers and was able to recover $35,233.57 through blocked and/or returned transfers. *Id.* ¶¶ 23, 25, 27. However, Bank of America was unable to cancel or recover $19,766.43 of a transfer to a JPMorgan Chase account and an entire $20,000.00 transfer to another JPMorgan Chase account. *Id.* ¶¶ 27-28. The next day, Bank of America sent Weed a "Scam Victim Acknowledgment" letter characterizing its recovery efforts as "voluntary" and disavowing any legal duty to recover funds or credit Weed's account. *Id.* ¶¶ 31-32.

Weed's Amended Complaint asserts three claims: (1) violation of the Electronic Fund Transfer Act ("EFTA"), unauthorized transfer and failure to limit liability under 15 U.S.C. § 1693g; (2) violation of the EFTA, failure to investigate and provisionally credit under 15 U.S.C. § 1693f and 12 C.F.R. § 1005.11; and, alternatively, (3) failure to cancel payment order under S.C. Code Ann. § 36-4A-211(c). ECF No. 11 ¶¶ 38-64. Weed alleges that by refusing to restore his funds, Bank of America failed to conduct a reasonable and good-faith investigation into Weed's fraud report and provisionally credit his account under the EFTA and, alternatively, failed to limit Weed's liability as required by the EFTA. *Id.* ¶¶ 38-51. Weed further alleges Bank of America breached its duty under the South Carolina Uniform Commercial Code ("UCC") to effectively cancel or recover the remaining $35,233.57 in transfers. *Id.* ¶¶ 52-64.

## STANDARD OF REVIEW

A motion under Federal Rule of Civil Procedure 12(b)(6) should be granted only if, after accepting all well-pleaded allegations in the complaint as true, it appears certain that the plaintiff cannot prove any set of facts in support of her claim that entitles her to relief. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). Although the court must take the facts in the light most favorable to the plaintiff, it "need not accept the legal conclusions [the plaintiff would draw] from the facts." *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). The court may also disregard any "unwarranted inferences, unreasonable conclusions, or arguments." *Id*.

The Rule 12(b)(6) standard has often been expressed as precluding dismissal unless it is certain that the plaintiff is not entitled to relief under any legal theory that plausibly could be suggested by the facts alleged. *See Mylan Labs., Inc. v. Markari*, 7 F.3d 1130, 1134 (4th Cir. 1993). Nonetheless, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## ANALYSIS

In its Motion, Bank of America argues Weed's claims fail as a matter of law because neither statute pled by Weed applies. ECF No. 12. According to Bank of America, the EFTA does not apply because Plaintiff initiated the transfers, so they were not "unauthorized" as required by the statute, and the UCC Article 4A does not apply because Bank of America was not obligated to cancel the payment orders after acceptance. *Id*.

### I. EFTA Claims

The Court first turns to the EFTA claims. The EFTA is a consumer protection statute that regulates the terms of electronic funds transfer systems. 15 U.S.C. § 1693 *et seq.* The EFTA generally caps a consumer's loss if the consumer reports an unauthorized transfer within certain

statutory time periods. *See* 15 U.S.C. § 1693g. Regulation E, promulgated to "carry out the purposes" of the EFTA, also has error-resolution procedures that are triggered when an unauthorized electronic fund transfer or other "error" has occurred. 15 U.S.C. § 1693f(a); 12 C.F.R. § 1005.11(b). Weed asserts claims under both § 1693g and § 1693f, each claim being based on an alleged unauthorized electronic fund transfer. The EFTA and Regulation E define "unauthorized electronic fund transfer" as

> an electronic fund transfer from a consumer's account ***initiated by a person other than the consumer*** without actual authority to initiate such transfer and from which the consumer receives no benefit.

15 U.S.C. § 1693a(12) (emphasis added); 12 C.F.R. § 1005.2 (emphasis added).

Here, it is clear from the Amended Complaint that Weed, the consumer, initiated the transfers at issue. *See* ECF No. 11 ¶¶ 2 ("criminals . . . induced [Weed] to initiate three wire transfers totaling $75,000 out of his Bank of America account . . . [and] each transfer was initiated by [Weed]"), 18 ("[u]nder the fraudster's direction, [Weed] initiated three wire transfers from his Bank of America consumer account"). Because Weed himself logged into his Bank of America account, entered the transfer instructions, and directed the debits, a plain reading of the statute suggests they are not "unauthorized" under the EFTA because they were not "initiated by a person other than the consumer." *See* ECF No. 11 ¶¶ 2, 18; 15 U.S.C. § 1693a(12); 12 C.F.R. § 1005.2.

In his briefing, Weed does not point the Court to a single case holding that a consumer fraudulently induced to initiate a transaction falls under the definition of "unauthorized," and the weight of authority points to the opposite. *See, e.g.*, *Cook v. USAA Fed. Sav. Bank*, No. 8:22-cv-01469, 2023 WL 3949735, at *2 (D. Md. June 12, 2023) (holding the EFTA does not hold banks liable to transfers made with the customers authorization even where the consumer was "tricked by a third party"); *L.S. v. Webloyalty.com, Inc.*, 673 F. App'x 100, 103, 106 (2d Cir. 2016)

(summary order) (affirming dismissal of EFTA claim where appellant gave written authorization for the transfer of funds from his account despite allegations he was deceived into entering his information); *Holmes v. Cap. One, N.A.*, No. 3:22-cv-0823 (GTS/TWD), 2023 WL 6318883, at *8 (N.D.N.Y. Sep. 28, 2023) ("purposely transferring money to a fraudulent seller does not amount to an 'unauthorized transaction' under the EFTA."); *see also Wilkins v. Navy Fed. Credit Union*, No. 22-2916 (SDW) (ESK), 2023 WL 239976, at *19 (D.N.J. Jan. 18, 2023); *Tristan v. Bank of Am.*, No. SA CV 22-01183-DOC-ADS, 2023 WL 4417271, at *10 (C.D. Cal. Jun 28, 2023); *Sanchez v. Navy Fed. Credit Union*, No. EDCV 23-285 JCB (KKx), 2023 WL 6370235, at *21-23 (C.D. Cal. Aug. 14, 2023); *Cook v. USAA Fed. Sav. Bank*, No. 8:22-cv-01469-PX, 2023 WL 3949735, at *2 (D. Md. June 12, 2023).

The only case Weed relies on is, unfortunately, inapposite. In *Goolsby v. Bank of America, N.A.*, a fraudster opened an account under the plaintiff's name and requested a transfer without her knowledge or permission. No. 3:25-CV-00009, 2025 WL 3771374, at *1 (W.D. Va. Dec. 31, 2025). The court found that, for the purposes of deciding the motion to dismiss before it, the fraudster did not have "actual authority to initiate the transaction," despite the plaintiff providing him with the requisite authorization codes, because the information was obtained through fraud. *Id.* at *3. This is distinguishable from the situation here, where Weed himself initiated the transfers and had actual authority to do so. The Court must therefore hold that Bank of America was under no obligation to limit Weed's liability under § 1693g of the EFTA because the disputed transfers were not "unauthorized."

However, the Court disagrees with Bank of America that Weed's claim under § 1693f necessarily fails, too. The plain language of § 1693f of the EFTA requires that once a customer provides notice of an allegedly erroneous electronic funds transfer, the financial institution must

investigate the error and, if verified, credit the consumer's account within one business day of the determination; provisionally credit the account if it cannot complete its investigation within ten business days; or, if it determines an error did not occur, deliver or mail to the consumer an explanation of its findings within three business days after the conclusion of its investigation. 15 U.S.C. § 1693f(b)-(d). Here, because the fund transfer was authorized under the EFTA, Bank of America presumably determined an error did not occur and was therefore required, at minimum, to mail to Weed an explanation of its findings within three business days after the conclusion of its investigation and/or provisionally credit his account for the disputed amount while any investigation was pending. *See id*. § 1693f(c)-(d). In the Amended Complaint, Weed alleges he provided a fraud report to Bank of America, but that Bank of America "failed to conduct a reasonable investigation; failed to provisionally credit [his] account for the disputed amount while any investigation was pending; [and] failed to timely provide [him] with a written explanation of its findings that complied with the EFTA and Regulation E." ECF No. 11 ¶¶ 34-35. Accepting these allegations as true, Plaintiff sufficiently alleges Bank of America failed to perform its obligations under § 1693f regardless of whether it ultimately determined an error did not occur under the EFTA. This claim accordingly survives dismissal at this stage.

Thus, the Court grants Bank of America's Motion as to the § 1693g claim but denies it as to the § 1693f claim.

**II. UCC Article 4A Claim**

Weed alternatively pleads a cause of action under S.C. Code Ann. § 36-4A-211(c). Article 4A of the UCC, as adopted in the South Carolina Code, governs cancellations and amendments of payment orders. S.C. Code Ann. §§ 36-4A-101 *et seq*. Under Article 4A, Weed alleges that because of his same-day cancellation request, his request was timely, "the tools for recovery were

available and effective," and Bank of America's "failure to recover the remaining $39,766.43" resulted from its own "operational and procedural failures" in violation of its statutory duties. ECF No. 11 ¶¶ 29-30, 34-35, 39-43, 46-50, 53-62.

As set forth above, the Court has determined that the allegedly fraudulent payment orders at issue in this case are governed by the EFTA. Article 4A of the UCC provides

> (a) Except as provided in subsection (b), this chapter does not apply to a funds transfer any part of which is governed by the [EFTA].

S.C. Code Ann. § 36-4A-108. Consequently, and because subsection (b) is not applicable, Weed's third cause of action arising entirely under Article 4A must be dismissed. *See, e.g.*, *Walling by Walling v. Bank of Am.*, 782 F. Supp. 3d 280, 291-92 (D.S.C. 2025) (dismissing UCC Article 4A claim because the court had already determined the transactions at issue were governed by the EFTA); *Goolsby*, 2025 WL 3771374, at *5 (same).

## CONCLUSION

Accordingly, Bank of America, N.A.'s Motion to Dismiss [ECF No. 12] is **GRANTED IN PART** and **DENIED IN PART.** Plaintiff Donald Travis Weed's claim under 15 U.S.C. § 1693g is dismissed with prejudice and his UCC Article 4 claim is dismissed without prejudice. Plaintiff's claim under 15 U.S.C. § 1693f remains.

**IT IS SO ORDERED**.

United States District Judge

October 1, 2026
Columbia, South Carolina